IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

May Brown,

        Plaintiff,

v.                                                               Case No. 13-2373-JWL

Equifax Inc.; Trans Union LLC;
Household Finance Corporation III;
HSBC Mortgage Services Inc.; and
CSC Credit Services Inc.,

        Defendants.

## MEMORANDUM & ORDER

On July 3, 2013, plaintiff filed a petition in state court against defendants arising out of a dispute concerning the accuracy of plaintiff's credit reports. Thereafter, defendants Equifax Inc. and CSC Credit Services Inc. removed the case to this court pursuant to 28 U.S.C. § 1331 with the consent of the remaining defendants. In her petition, plaintiff asserts claims against all defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA), and additional claims against defendants Household Finance Corporation III ("HFC") and HSBC Mortgage Services Inc. ("HSBC") under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (RESPA). This matter is now before the court on defendants HFC and HSBC's motion to dismiss plaintiff's petition (doc. 19). As will be explained, the motion is moot in part and denied in part.

Defendant HFC and HSBC's motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(6). In analyzing that motion, the court accepts as true "all well-pleaded factual

allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Consistent with this standard, the following well-pleaded allegations, taken from plaintiff's petition and attachments thereto, are accepted as true for purposes of defendants' motion.

Defendant HFC held a mortgage on property owned by plaintiff. In 2008, plaintiff agreed to give HFC a deed in lieu of foreclosure (DIL) on the property in full satisfaction of her debt. In February 2011, plaintiff's credit application was denied by Citibank based on a "serious delinquency" reflected in the credit report issued by defendant Trans Union. Thereafter, plaintiff discovered that defendants Equifax and Trans Union were incorrectly reporting the DIL transaction as a foreclosure on her credit reports. Plaintiff submitted written disputes and requests for investigation to defendants Equifax, Trans Union and CSC in an effort to have the information corrected. During this same time frame, on April 1, 2011, plaintiff sent her first dispute letter to defendants HFC and HSBC asking those defendants to correct the information they were furnishing to the credit reporting agencies. By June 2011, the credit reporting agencies reported the transaction correctly as a "deed in lieu of foreclosure," but the "foreclosure" designation reappeared on her credit report in mid-July 2011. She alleges that she was denied credit in September 2011 as a result of her inaccurate credit report. Plaintiff, in September 2011, sent another dispute letter to defendants HFC and HSBC. By mid-February

2012, the "foreclosure" designation was again removed from the report, but the report was further changed to reflect, incorrectly, that in August 2008 the loan payment was more than 120 days past due. She alleges that she was denied credit in early September 2012 as a result of her inaccurate credit report. In September 2012, plaintiff again sent a dispute letter to defendants HFC and HSBC in an effort to have the issue resolved. Plaintiff contends that neither HFC nor HSBC ever responded to her dispute letters and that they failed to correctly report the DIL transaction; failed to make appropriate corrections to plaintiff's credit file; and reinserted inaccurate information into her file.

In their motion, defendants HFC and HSBC move to dismiss plaintiff's FCRA claims on the grounds that plaintiff's claims are barred by the two-year statute of limitations and move to dismiss plaintiff's RESPA claims on the grounds that plaintiff's correspondence with defendants do not constitute "Qualified Written Requests" for purposes of the statute and because defendants were not "servicing" plaintiff's loan at the time of plaintiff's correspondence. In her response, plaintiff reports that the parties have reached an agreement regarding plaintiff's RESPA claims and that she will be filing a stipulation of dismissal of her RESPA claims with prejudice. The court, then, moots this aspect of defendants' motion and directs plaintiff to file the stipulation of dismissal no later than November 8, 2013.

In light of the parties' stipulation, defendant's motion leaves only one question for resolution—whether plaintiff's FCRA claims against defendants HFC and HSBC are barred by FCRA's two-year statute of limitations set forth in 15 U.S.C. § 1681p. Pursuant to that section:

> An action to enforce any liability created under this subchapter may be brought in
> any appropriate United States district court, without regard to the amount in

3

> controversy, or in any other court of competent jurisdiction, not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. According to defendants, plaintiff undisputedly knew of the violation on April 1, 2011 when she sent her first dispute letter to HFC about the inaccurate reporting. Defendants contend, then, that plaintiff was required to file her suit no later than April 1, 2013 such that her July 3, 2013 filing is time-barred. Plaintiff concedes that her initial dispute occurred more than two years prior to the filing of her petition, but contends that the statute of limitations clock restarted in mid-July 2011, when incorrect information again appeared in her credit reports after having been corrected as a result of her initial dispute. Defendant counters that plaintiff's claims concern "one continuous dispute" over the same inaccurate reporting and that she discovered the alleged violation no later than April 2011.

In support of their argument, defendants HFC and HSBC rely on *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917 (N.D. Tex. 2006) and numerous cases following the *Bittick* approach. In *Bittick*, the court held that subsequent dispute letters regarding the same erroneous information cannot restart the limitations clock because "[t]o do so would allow [a plaintiff] to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Id.* at 919; *accord Hancock v. Charter One Mortgage*, 2008 WL 2246042, at *2 (E.D. Mich. 2008) (following *Bittick* because a "perpetual statute of limitations [was] not intended by the FCRA"); *Blackwell v. Capital One*

*Bank*, 2008 WL 793476, at *3 (S.D. Ga. 2008) (allowing FCRA claims to go forward based upon subsequently submitted complaints "would allow plaintiffs to indefinitely extend the limitations period and render it a nullity"). The *Bittick* court dismissed the complaint because the only event occurring within the two-year limitations window was the submission of another dispute letter concerning the same erroneous information. *Bittick*, 419 F. Supp. 2d at 918-19; *accord Hancock*, 2008 WL 2246042, at *2; *Blackwell*, 2008 WL 793476, at *1.

*Bittick* is distinguishable from this case and the court need not decide whether, in other circumstances, it would follow the approach adopted in *Bittick*. Unlike the situation in *Bittick*, plaintiff here has alleged in her petition that, as a result of her initial dispute letters, her credit reports were corrected to reflect the DIL transaction as opposed to a foreclosure. According to plaintiff's petition, her credit reports were accurate as of June 2011 but that, during the two-year limitations window, the foreclosure designation was reinserted into her credit reports after initially having been corrected. Plaintiff's petition reflects that other events occurred within the two-year limitations window in addition to the reappearance of the foreclosure designation—the subsequent (and second) removal of the foreclosure designation in February 2012; the inclusion of new, inaccurate information concerning plaintiff's "past due" pay status; and the denial of credit to plaintiff as a result of her inaccurate credit reports. The fact that the court in *Bittick* dismissed the complaint on statute of limitations grounds, then, does not persuade the court that dismissal here is appropriate in light of the particular facts alleged in plaintiff's petition

concerning the re-insertion of the "foreclosure" designation and the insertion of the inaccurate "past due" information during the two-year limitations window.[1]

In opposition to defendants' motion, plaintiff relies on cases that reject the *Bittick* approach in favor of the approach endorsed by the Fifth Circuit in *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 450 (5th Cir. 1988). In *Hyde*, the Fifth Circuit concluded in the context of an FCRA case that each new issuance of a credit report to an institution with which the consumer is dealing is a separate and distinct injury to which a separate statute of limitations applies. *Id*.; *accord Fleischmann v. Care Credit*, 2012 WL 6082893, at *3 (C.D. Cal. Dec. 6, 2012). Other courts have extended *Hyde* in concluding that each failure to conduct a reasonable investigation in response to a dispute is a separate FCRA violation such that, contrary to *Bittick*, subsequent dispute letters are sufficient to restart the limitations period. *Young v. LVNV Funding LLC*, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013) (following the "majority of courts" and concluding that each re-report of inaccurate information is subject to its own statute of limitations); *Baratto v. Citizens Auto. Fin., Inc*., 2011 WL 3678676, at *5 (D. Minn. Aug. 1, 2011) (violation occurs every time a consumer submits a dispute to a credit reporting agency or lender and that entity does not respond as directed by the statute); *Broccuto v. Experian Information Solutions, Inc*., 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008)

---

[1] Ironically, the *Bittick* case impliedly suggests that the facts alleged by plaintiff would be sufficient to survive a motion to dismiss on statute of limitations grounds. Notably, the plaintiff in *Bittick* had argued to the district court that the clock should be restarted because the agencies ultimately removed the information in response to her dispute but then re-reported the inaccurate information within the limitations period. 419 F. Supp. 2d at 919. The court held that those facts could not defeat the limitations argument because they were not set forth in the complaint, suggesting that the analysis might have been different if plaintiff had included those facts in her complaint. *Id*.

(same). But again, plaintiff alleges in her petition more than just the submission of subsequent dispute letters (and even more than the reissuance of the same bad credit report) during the limitations period—she alleges the re-reporting of inaccurate information, the reporting of additional inaccurate information and the denial of credit based on the alleged re-reporting and inclusion of new, inaccurate information. Thus, just as the court need not decide whether it might follow *Bittick* in other circumstances, the court need not decide whether, if faced with different allegations, it would follow the approach adopted in *Hyde*.

While the court has not uncovered any cases with facts analogous to the facts alleged by plaintiff in her petition, the court easily concludes that plaintiff's petition is sufficient to survive the motion to dismiss. If discovery reveals, as specifically alleged by plaintiff in her petition, that plaintiff's credit report was initially corrected as a result of her dispute but that the inaccurate information was re-reported during the limitations period; that new, incorrect information was reported during the limitations period; and that she suffered injuries during the limitations period as a result of credit denials, then plaintiff's FCRA claims are clearly timely filed. That having been said, plaintiff may not recover damages for any injuries she sustained as a result of defendants' conduct that occurred outside the limitations period. *See Hyde*, 861 F.2d at 450 (failure to consumer to file suit when he is first injured bears only on the calculation of damages); *Fleischmann*, 2012 WL 6082893, at *3 (delay in filing FCRA claim "may be taken into account at the damages stage").

In short, plaintiff has alleged that new, separate violations occurred during the two-year period prior to the filing of her petition. *See* 15 U.S.C. § 1681p. The motion to dismiss, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant HFC and HSBC's motion to dismiss plaintiff's petition (doc. 19) is moot in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file a stipulation of dismissal concerning her RESPA claims no later than **November 8, 2013**.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge